IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **WILLIAM CARR,** | * | |
| **Petitioner,** | * | Civil Action No. PWG-15-459 |
| v. | * | |
| **WARDEN,** | * | |
| **Respondent.** | * | |

**MEMORANDUM AND ORDER**

On February 13, 2015, William Carr submitted correspondence requesting that his "federal habeas corpus" be held *sub curia* until he completes state post-conviction proceedings in order to preserve his "federal habeas corpus right." (ECF No. 1). At present, Carr has not submitted a Petition for Writ of Habeas Corpus. Further, he has yet to file a post-conviction petition in state court.[1] The Court presumes Carr is requesting to stay and hold in abeyance a

---

[1] Although he indicates he has yet to hear from the Maryland Public Defender Office of Collateral Review concerning his state petition, he also has the option to pursue state post-conviction by filing a self-represented petition. Under Maryland law, indigent defendants are entitled to assistance of counsel when preparing and presenting at a first post-conviction petition. *See* Md. Code Ann., Crim. Proc. § 7-108 (formerly Art. 27, § 645A). Representation is provided through the Maryland Office of the Public Defender through its Collateral Review Division. Given the limited resources of that office, a defendant typically must elect to proceed one of two ways. He may wait in line for his case to be reviewed, in the order in which it was received, by an attorney assigned to him. If he elects this path his wait will be long and he may be foreclosed from filing for federal habeas relief. If he elects to wait for his case to be reviewed in its turn, the attorney assigned to him will meet with him and gather all pertinent documents relative to his case and then make a determination whether he has any grounds for post-conviction relief and if so, what those grounds are. The attorney will meet with the inmate, review the trial proceedings, draft the petition, subpoena any necessary witnesses, have an investigator investigate any information/witnesses, etc., and represent the inmate at the hearing. In the past the Public Defender filed a petition in every case. Recently, it appears the Public Defender files a petition only on cases deemed meritorious. If, after review, Carr's case were deemed by the Public Defender to present no grounds for post-conviction relief, he will need to pursue state post-conviction by filing his own petition.

future Petition for Writ of Habeas Corpus to be filed pursuant to 28 U.S.C. § 2254. As a request to stay a petition as yet unfiled is premature, this case will be DENIED without prejudice.

It is likely that Carr filed this request to stay an unfiled petition because he is aware that a state prisoner seeking federal habeas corpus relief under 28 U.S.C. § 2254 must first exhaust his remedies in state court. 28 U.S.C. § 2254(b)(1)(A). To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including a petition for discretionary review before the State's highest court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). It does not appear he has fully exhausted his state court remedies.

Carr is also likely aware of the one-year statute of limitations that applies to habeas petitions in non-capital cases for a person convicted in a state court. *See* 28 U.S.C. § 2244(d); *Wall v. Kholi*, 562 U.S. 545, 131 S. Ct. 1278, 1283 (2011).[2] This one-year period is, however, tolled while properly filed post-conviction proceedings are pending and may otherwise be

---

[2] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

equitably tolled. *See* 28 U.S.C. § 2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

Even if Carr had a § 2254 petition pending in this Court, staying and holding a petition in abeyance is available only in limited circumstances because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts. Stay and abeyance is only appropriate where a petition presents exhausted and unexhausted claims, the petitioner show good cause for his failure to exhaust, and the claims are potentially meritorious. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). If these requirements are satisfied, a reasonable time limit is placed on the petitioner's trip to state court and back. *See, e.g., Zarvela v. Artuz*, 254 F.3d 374 (2d Cir. 2001) ("[District courts] should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval...."). If a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all. *Rhines*, 544 U.S. at 278.

Accordingly, the Court will DENY the request to stay this matter as premature. Petitioner provides no grounds for a Certificate of Appealability. The Clerk will be directed to send a § 2254 forms and information packet to Carr to assist him in filing a future federal petition.

It is this ___18th___ day of March 2015, by the United States District Court for the District of Maryland, hereby ordered:

1. The request to stay IS DENIED without prejudice as premature;

2. A Certificate of Appealability SHALL NOT ISSUE;

3. The Clerk SHALL CLOSE this case; and

4. The Clerk SHALL SEND a copy of this Order and a § 2254 forms and information packet to Plaintiff.

_____
Paul W. Grimm
United States District Judge